UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WESSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES A. RICHMAN, et al.,<br><br>    Defendants. | Case No. 23-cv-03350-SI<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 13 |

Plaintiff James Wesson, who is representing himself, filed this lawsuit against defendants Alameda County Superior Court Judges James A. Richman and Joseph I. Carson; Hobbs Construction Company; Julie Pantuso; and Joyce Mulville. Dkt. No. 1. The case was originally assigned to Chief Magistrate Judge Ryu.

On December 26, 2023, the Court granted plaintiff's application to proceed without prepayment of the court filing fee (*in forma pauperis*) and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 9. The Court found there was no subject matter jurisdiction over the complaint because there was no federal claim (for federal question jurisdiction) and no allegation regarding the citizenship of plaintiff or defendants (for diversity jurisdiction). The Court also found "the complaint fails to state any legally sufficient claims for relief" and that plaintiff "does not explain how he has the right to bring claims on behalf of [his mother] Mrs. Wesson or how his claims are timely." *Id.* at 3-4. The Court dismissed the complaint and gave plaintiff until January 25, 2024, to amend the complaint. Plaintiff then sought an extension of the deadline, and the Court extended the deadline to February 15, 2024. Dkt. Nos. 10, 11.

On February 15, 2024, plaintiff filed a document entitled, "To Rely the Order Granting Motion to Extend Deadline for Amended Complain[t]." Dkt. No. 12.

On February 20, 2024, the Court issued a Request for Reassignment to District Judge and

Report and Recommendation to Dismiss Amended Complaint. Dkt. No. 13. The Court interpreted plaintiff's February 15 filing as his amended complaint, determined that it did "not remedy any of the deficiencies identified in the Screening Order [Dkt. No. 9,]" and therefore recommended the amended complaint be dismissed without leave to amend. *Id.* at 3.

On February 21, 2024, plaintiff's case was randomly reassigned to this Judge. On March 1, 2024, plaintiff timely filed a document entitled "Reply: Request Reassignment to District Judge and Report and Recommendation to Dismiss Amended Complaint." Dkt. No. 15. The Court interprets the March 1 filing as an objection to the report and recommendation.

The undersigned Judge has reviewed all of the filings in this case, including the original complaint, plaintiff's February 15 filing, plaintiff's March 1 filing, and Judge Ryu's orders. The Court agrees with Judge Ryu that the original complaint did not establish that the federal court has subject matter jurisdiction over this case, and plaintiff's subsequent filings have not corrected this deficiency. As previously explained, "Federal courts are courts of limited jurisdiction, and a 'federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.' *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted)." Dkt. No. 9 at 3.

Plaintiff's March 1 filing appears to dispute whether plaintiff filed his case within the time limits. The complaint focuses on events stemming from a house fire at the home of Mrs. Wesson in 1994 and other events impacting Mrs. Wesson, who passed away in 2003. *See* Dkt. No. 1 at 19. Plaintiff's March 1 filing cites: 28 U.S.C. § 1658 (four-year statute of limitations for a civil action arising under an Act of Congress, except as otherwise provided by law); the Americans with Disabilities Act; and Oregon's personal injury statute of limitations (two-year statute of limitations). Dkt. No. 15 at 1-2.

However, even setting aside whether the complaint was timely, the primary problem is that this Court must have subject matter jurisdiction over the case. Judge Ryu thoroughly explained the reasons why the complaint did not establish subject matter jurisdiction, *see* Dkt. No. 9 at 3-4, and plaintiff has not filed an amended complaint that fixed that important deficiency. The Report and Recommendation cited lack of timeliness as an *additional* reason to dismiss the complaint, but the primary reason was lack of subject matter jurisdiction.

The Court agrees with the reasoning in the Report and Recommendation at Dkt. No. 9 and

1   ADOPTS the Report and Recommendation in full.  Because plaintiff has not fixed the deficiencies
2   that were identified, this case is DISMISSED, without leave to amend, pursuant to 28 U.S.C.
3   § 1915(e)(2)(B).
4   The Clerk shall mail a copy of this Order to plaintiff and shall close the file in this case.

6   **IT IS SO ORDERED**.
7   Dated: April 19, 2024

_____
SUSAN ILLSTON
United States District Judge